JOURNAL ENTRY AND OPINION
{¶ 1} D.D. and E.L. ("parents") appeal the juvenile court's adjudicating their children as neglected and dependent and awarding protective supervision to Cuyahoga County Department of Children and Family Services ("CCDCFS"). We find merit to the appeal and reverse and remand for further proceedings.
 {¶ 2} The record reveals that on November 15, 2001, CCDCFS filed a complaint in the juvenile court alleging that K. and H. were neglected and dependent children based on the fact that their mother tested positive for Valium, amphetamines, cocaine, and opiates while receiving emergency treatment at Euclid Hospital and because of the mother's prior drug history. CCDCFS sought to have court-ordered protective supervision over the children.
 {¶ 3} The matter was set for hearing on February 5, 2002, but was reset for March 25. On March 18, the parents moved for a continuance because their counsel was scheduled to be out of state until March 26. The matter was, therefore, reset for May 20, 2002. On the morning the matter was to be heard, the parents' counsel submitted a written motion for a continuance because he was involved in two unrelated matters in domestic relations court. The matter was, therefore, reset for June 24 at 10:30 a.m.
 {¶ 4} On June 24, the parents and their counsel failed to appear at the hearing. The magistrate received a telephone call from counsel's office informing the court that counsel was detained in a domestic relations hearing but would be able to appear by noon. After waiting one hour, at 11:30 a.m., the magistrate proceeded with the hearing and found the children to be neglected and dependent and ordered legal custody be given to the parents with protective supervision by CCDCFS.
 {¶ 5} On August 6, 2002, the parents' counsel filed objections to the magistrate's report in which he argued that the magistrate should have continued the matter once counsel informed the magistrate that he was detained in domestic relations court and would be at the juvenile hearing by noon. Counsel stated that once his secretary advised him at 11:25 a.m. that the hearing was going forward, he sent an associate to appear, but by the time the associate arrived approximately fifteen minutes later, the hearing had concluded. Counsel also stated that he was aware on June 21 that he would have to appear before the domestic relations court on June 24, but he contended that a social worker had informed him that the prosecutor was going to dismiss the juvenile court case involving K. and H.
 {¶ 6} CCDCFS claimed that the parents' objections should be quashed because they were not based on disputed issues of law or fact. The parents' counsel opposed CCDCFS' motion to quash, stating that the objections were appropriate and adding that no documentary evidence was submitted during discovery in support of CCDFCS' allegations.
 {¶ 7} The trial court overruled the objections and adopted the magistrate's report. The parents requested findings of fact by the trial court, which the magistrate proposed and the court adopted.
 {¶ 8} The parents raise two assignments of error on appeal.
 Denial of Continuance {¶ 9} The parents argue in their first assignment of error that the magistrate abused his discretion by failing to grant them a continuance when their counsel was detained in domestic relations court on an unrelated case.
 {¶ 10} The decision whether to grant or deny a continuance rests in the sound discretion of the trial court. State v. Unger (1981),67 Ohio St.2d 65. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable, and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In Unger, supra, the Ohio Supreme Court enumerated a test which "balances the court's right to control its own docket and the public's interest in the prompt and efficient dispatch of justice against any potential prejudice" to the moving party to determine whether a motion for continuance should be granted. In determining whether a continuance should be granted, the court should consider:
 {¶ 12} "* * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case." Unger,67 Ohio St.2d at 67-68.
 {¶ 13} According to counsel, he was detained in domestic relations court on a matter he had assumed would be brief. When he realized that the matter was going to take longer than anticipated, he asked his office to call the juvenile court to inform the magistrate of his predicament and indicate that he would be there by noon. The magistrate waited approximately an hour and proceeded with the hearing at 11:30 a.m., in the absence of counsel and the parents. Upon being notified that the hearing was proceeding, counsel immediately sent an associate to attend the hearing. However, when the associate arrived at the court fifteen minutes later, he discovered that the matter had already concluded. Moreover, counsel had been informed by the social worker assigned to the case that the prosecutor was going to dismiss the matter.
 {¶ 14} Under the unique facts of this case, where parents were facing an order involving the custody and care of their children, where their counsel was given the impression the matter was going to be dismissed, and where counsel had notified the court that he was unavoidably detained in another court, we find that the juvenile court abused its discretion and should have continued the matter until at least noon or until the parties could appear.
 {¶ 15} Accordingly, the parents' first assignment of error is sustained and the matter is remanded for further proceedings.
 {¶ 16} The parents' second assignment of error in which they argue sufficiency of the evidence is moot given our disposition of the above assignment of error. App.R. 12(A)(1)(c).
Judgment is reversed and remanded.
TIMOTHY E. McMONAGLE, J. and ANTHONY O. CALABRESE, JR., J. concur.